## Commonwealth v. Bergman

*Martin Burman*, for plaintiff.
*Paul Shalita*, for defendants.

HIRSH, J., March 12, 1973.—Plaintiff has filed a complaint in assumpsit alleging in part that certain property at 1025 North Front Street, Philadelphia, Pa., was condemned by the Commonwealth for highway purposes and that on March 24, 1970, the property owners were compensated for the property and the right of possession was accordingly transferred to plaintiff. The individual and corporate defendants are tenants of the condemned premises and have occupied the property since plaintiff acquired title. Conse-

quently, plaintiff presented a set of leases to defendants together with a demand for unpaid rents. Defendants, however, refused to execute the leases or pay any rent and, accordingly, plaintiff filed its complaint to recover the fair rental value. This matter is before this court on defendants' preliminary objections to complaint in assumpsit.

Defendants allege that this court lacks jurisdiction to entertain this complaint because under the procedure provided for by the Eminent Domain Code of June 22, 1964, Sp. Sess., P.L. 84, 26 PS §1-101, et seq., and particularly section 1-303, this cause of action must be heard in the first instance by a board of view. Section 1-303 was intended "to provide a complete and exclusive procedure and law to govern all condemnations of property for public purposes and the assessment of damages therefor . . ."

Essentially, defendants interpret this section to provide a board of view with exclusive jurisdiction over the property rather than merely jurisdiction over the condemnation. However, the language of the act does not support this novel interpretation, nor do defendants cite any authority for it. This action is an assumpsit action for the recovery of rents, and is not a condemnation action. That plaintiff is the Commonwealth and that plaintiff acquired title as a result of a prior condemnation is of no consequence to the present action. Clearly, plaintiff did not bring this action as a condemnor. Therefore, this court hereby exercises its jurisdiction as granted by Article IX, sec. 5, of the Pennsylvania Constitution and denies defendants' preliminary objections.

Accordingly, it is, therefore, ordered that the preliminary objections of defendant to the complaint are dismissed and defendant is directed to file and answer within 20 days from the date hereof.